# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: D.B.

No. 16-1124 (Mercer County 16-JA-130-MW)

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.B., by counsel Michael P. Cooke, appeals the Circuit Court of Mercer County's November 23, 2016, order terminating his parental, custodial, and guardianship rights to D.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Catherine Bond Wallace, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]On appeal, petitioner sets forth a lone assignment of error that asserts that the circuit court erred in denying his motion for a post-adjudicatory improvement period, setting the matter for disposition, and terminating his parental rights. However, petitioner's argument in support of this assignment of error addresses only the circuit court's denial of his motion for an improvement period. The argument contains no discussion of the circuit court setting the matter for disposition or terminating his parental rights. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, then-Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the

(continued . . . )

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2016, the DHHR filed an abuse and neglect petition against petitioner that alleged he lost the child, then ten years old. According to the petition, the police were involved in an incident with petitioner on July 2, 2016, wherein he was intoxicated and caused a disturbance at a residence. Petitioner was directed to leave, which he did. However, he later called the residence looking for the child because he could not recall where he left her. Ultimately, the child was reported missing before being located at the home of a person who had recently been adjudicated for the neglect of petitioner's niece in a separate abuse and neglect proceeding. The DHHR alleged that the child informed a Child Protective Services ("CPS") worker that petitioner abused alcohol excessively, and petitioner admitted that he had a problem with alcohol that required treatment. Accordingly, the DHHR initiated a protection plan that prevented petitioner from being around the child or the residence where she was staying with a friend. Petitioner agreed to this protection plan and executed the same. However, three days later, it was alleged that petitioner broke into this residence and stole the contents of a safe, a vehicle, and a purse. After petitioner was discovered using stolen credit cards, a report was filed with the Mercer County Sheriff's Department.

In September of 2016, the circuit court held an adjudicatory hearing, during which it heard testimony regarding the incident in which the child went missing. According to the CPS worker, police told her that petitioner was simply so intoxicated that he could not remember where he left the child. The CPS worker also testified that petitioner smelled of alcohol and told her that he needed help because he had a problem with alcohol. According to this worker, the DHHR had not heard from petitioner until approximately one week before the adjudicatory hearing, despite attempts to contact him to facilitate substance abuse treatment. The child's maternal grandmother also testified about the child's fear of petitioner and that she was arranging counseling for the child to address this issue. Petitioner testified during the hearing and denied that he was drinking on the day of the incident giving rise to the petition. He also stated that he had not consumed alcohol since 2010. Ultimately, the circuit court found that petitioner was intoxicated on the day in question and that he suffered from issues of substance abuse. Accordingly, the circuit court found that petitioner neglected the child. Petitioner requested a post-adjudicatory improvement period, but the circuit court held that issue in abeyance.

---

argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Because petitioner's argument contains no citation to the record or law in support of petitioner's assertion that the circuit court erred in proceeding to disposition and terminating his parental rights, we will disregard these allegations in this memorandum decision.

In October of 2016, the circuit court held a dispositional hearing. During the hearing, a CPS worker testified to petitioner's involvement in prior abuse and neglect cases. Specifically, a prior abuse and neglect petition alleged that petitioner got into an altercation with his brother after drinking and shots were fired into a residence where children were located. According to the DHHR, however, petitioner never underwent any treatment for substance abuse. Moreover, the DHHR indicated that petitioner did not avail himself of any services in the current abuse and neglect proceeding, nor did he seek visitation with the child. Petitioner continued to deny his intoxication during the incident giving rise to the petition in this matter. Based on this evidence, the circuit court denied petitioner's motion for an improvement period and terminated his parental, custodial, and guardianship rights.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply

---

[3]The parental rights of D.B.'s mother were involuntarily terminated in a prior abuse and neglect proceeding. According to the DHHR and the guardian, as of the filing of their response briefs, the child remains in the home of her maternal grandmother in the State of North Carolina. The record shows that, following a scheduled visit to her grandmother's home in the State of North Carolina in August of 2016, the child was permitted to remain in her grandmother's legal custody throughout the proceedings below without objection from petitioner. Additionally, the circuit court specifically found that the grandmother's "home has been approved and found appropriate in the prior [abuse and neglect] case" involving petitioner. Because the child resided with her grandmother outside the state, the DHHR rescinded its initial request for custody and asked the circuit court to grant the grandmother legal custody of the child. As such, the circuit court granted the grandmother legal and physical custody of the child by order entered in August of 2016. According to the DHHR, the permanency plan is for the child to remain in the guardianship of the grandmother. Finally, the Court reminds the guardian that her "role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991). To this end, the Court directs the guardian to ensure that the grandmother's guardianship over the child is in full compliance with the requirements of a legal guardianship such that the grandmother is in a position to make determinations about the child's health and wellbeing and provide the child with the permanency that our statutes and case law require.

3

because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

On appeal, petitioner argues that the circuit court erred in denying his motion because he never had an opportunity to show the circuit court that he could address his substance abuse issues. Moreover, petitioner argues that he acknowledged his issues with alcohol by admitting he is an alcoholic and testified that he was willing to participate in services designed to remedy this issue. Accordingly, petitioner argues it was error to deny his motion. We do not agree.

Pursuant to West Virginia Code § 49-4-610(2)(B), a circuit court may grant an improvement period when "[t]he [parent] demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[,]" among other requirements. While it is true that petitioner testified that he would be willing to comply with the requirements of an improvement period in order to remedy his substance abuse issues, the record also shows that petitioner failed to contact the DHHR for an extended period in order to initiate services and further failed to avail himself of efforts to assist him in remedying the conditions of abuse and neglect. As such, it is clear that petitioner failed to meet his burden of establishing that he was likely to fully comply with a post-adjudicatory improvement period.

Moreover, while it is true that petitioner admitted that he is a recovering alcoholic, the record is also clear that petitioner continued to deny having consumed alcohol at the time of the incident giving rise to the petition, despite the CPS worker and law enforcement clearly observing him in such an intoxicated state that he thought his child was missing because he could not recall where he left her. Ultimately, the evidence below led the circuit court to find that petitioner "has a drinking problem he won't admit to." We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Here, the circuit court specifically found that petitioner failed to admit to his substance abuse issues. Although petitioner did testify to being a recovering alcoholic, it is clear that the circuit court found this testimony insufficient in terms of acknowledging the truth to the allegations in the petition. Further, we have held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second

4

guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). In light of the CPS worker's testimony as to petitioner's intoxication during the incident in question and the circuit court's ultimate findings regarding petitioner's substance abuse and failure to acknowledge the same, it is clear that the circuit court found petitioner's testimony lacked credibility. For these reasons, we find no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 23, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5